**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWENA LEITE,** | : | Civil Action No. 2:22-cv-00306 |
| 339 Penn Avenue | : | |
| Glenside, PA 19038 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Amended Complaint and Jury Demand** |
| | : | |
| **SCHOOL DISTRICT OF** | : | |
| **PHILADELPHIA,** | : | |
| 6701 N 13th Street | : | |
| Philadelphia, PA 19126 | : | |
| | : | |
| 440 N Broad Street | : | |
| Philadelphia, PA 19130 | : | |
| Defendant. | : | |

## AMENDED COMPLAINT

Plaintiff, Edwena Leite (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against School District of Philadelphia (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Pregnancy Discrimination Act ("PDA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, School District of Philadelphia is a school district with a location at 6701 N 13th Street, Philadelphia, PA 19126 and with a corporate headquarters located at 440 N Broad Street, Philadelphia, PA 19130.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

11. Plaintiff exhausted her administrative remedies under Title VII and the PDA.

12. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race, gender and pregnancy discrimination and retaliation against Defendant.

13. The Complaint was assigned a Charge Number 530-2021-03974 and was dual filed with the Philadelphia Commission on Human Relations.

14. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") on October 26, 2021.  Plaintiff receive the notice via electronic mail.

15. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

16. Plaintiff initiated this action via Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

17. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

18. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

19. Plaintiff is an African American female.

20. In or around August 2000, Defendant hired Plaintiff in the position of Special Education Teacher.

21. Plaintiff was well qualified for her position and performed well.

22. On May 7, 2020, Plaintiff informed Zaida Alfaro (Hispanic), Principal, that she was pregnant.

23. Shortly afterwards, Ms. Alfaro issued Plaintiff a reprimand.

24. Plaintiff believed this reprimand was in retaliation for her pregnancy.

25. Following this reprimand, Ms. Alfaro and Randi Klein-Davila (Caucasian), Assistant Superintendent, nitpicked Plaintiff's work product, drastically increased her workload and made it increasingly difficult to complete her job duties in order to set her up for failure.

26. Plaintiff believed that Ms. Klein-Davila treated her in this manner due to her race in conjunction with her pregnancy, as she had a history of speaking to Plaintiff in a rude and condescending manner, but did not treat her Caucasian and Hispanic coworkers in a similar manner.

27. Specifically, Ms. Klein-Davila did not discipline or reprimand Jeanette Collazo (Hispanic), Special Education Teacher, for multiple infractions, including, but not limited to, having students be out of compliance, changing a student's IEP without notifying their parents, having meetings without the school psychologist present.

28. On or around June 5, 2020, Plaintiff informed Ms. Alfaro that she would need to take time off intermittently in order to attend medical appointments due to her pregnancy when they returned from summer break.

29. On or around June 20, 2020, Defendant placed Plaintiff under investigation for allegedly not providing files to other schools.

30. Plaintiff was not responsible for providing these files to other schools, as she had previously stepped down from these job duties in September 2019.

31. Plaintiff believed this investigation was in retaliation for her notifying Ms. Alfaro that she would need intermittent absences to attend medical appointments the following school year and because of the preferential treatment she gave to individuals outside of her protected racial and gender/pregnant classes.

32. On or around August 24, 2020, Plaintiff began a sabbatical until June 15, 2021.

33. On or around June 9, 2021, Plaintiff received a letter notifying her that Defendant was recommending a five (5) day suspension for her due to alleged poor work performance.

34. On or around August 23, 2021, Plaintiff was placed on a medical leave of absence by Lana Hopkins, Psychologist, and Dr. Steven Schmidt, Primary Care Physician, due to post-traumatic stress disorder ("PTSD") caused by the Defendant's conduct.

35. Plaintiff is still currently out on a medical leave of absence.

## COUNT I – GENDER/PREGNANCY DISCRIMINATION
## TITLE VII OF THE CIVIL RICHTS ACT AND PREGNANCY DISCRIMINATION ACT

36. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

37. Plaintiff is a member of a protected class in that she is pregnant.

38. Plaintiff was qualified to perform the job for which she was hired.

39. Defendant did not provide Plaintiff with a reasonable accommodation.

40. Plaintiff suffered adverse job actions, including, but not limited to disciplinary actions such as suspension.

41. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

42. Specifically, circumstances exist surrounding events of discrimination which, although may not individually be actionable, do give rise to an inference of discrimination given the totality of events and the repeated discriminatory and retaliatory treatment. See

National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) (holding that a plaintiff may used acts that are otherwise time-barred as "background evidence in support of a timely claim.").

43. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

44. Defendant discriminated against Plaintiff on the basis of her pregnancy.

45. Defendant treated non-pregnant employees better than it treated Plaintiff.

46. Defendant has no legitimate non-discriminatory reason for its actions.

47. As a result of Defendant's unlawful gender/pregnancy discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. Plaintiff is a member of protected classes in that she is African American.

50. Plaintiff was qualified to perform the job for which she was hired.

51. Plaintiff suffered adverse job actions, including, but not limited to disciplinary actions such as suspension.

52. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

53. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination. See Morgan, 536 U.S. at 113.

54. Defendants discriminated against Plaintiff on the basis of race.

55. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

56. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## TITLE VII OF THE CIVIL RICHTS ACT AND PREGNANCY DISCRIMINATION ACT

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Plaintiff engaged in protected activity protected by Title VII when she requested a reasonable accommodation due to her pregnancy.

59. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, disciplinary actions.

60. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of unlawful retaliation. See Morgan, 536 U.S. at 113.

61. There exists a causal connection between Plaintiff's participation in the protected activity of requesting intermittent leave in connection with her pregnancy and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Edwena Leite, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the PDA and the PFPO.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: June 21, 2022      **By:**    */s/ David M. Koller*
                                             David M. Koller, Esquire (90119)
                                             Jordan D. Santo, Esquire (320573)
                                             2043 Locust Street, Suite 1B
                                             Philadelphia, PA 19103
                                             215-545-8917
                                             davidk@kollerlawfirm.com
                                             jordans@kollerlawfirm.com

                                             *Counsel for Plaintiff*