IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWENA LEITE** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **SCHOOL DISTRICT OF** | : | No. 22-306 |
| **PHILADELHIA** | : | |
| Defendant. | : | |

<u>MEMORANDUM</u>

**Schiller, J.**                                                                                           **October 20, 2022**

    Before the Court is Defendant School District of Philadelphia's Motion to dismiss Plaintiff Edwena Leite's Amended Complaint. (ECF 8.) The District argues the Court must dismiss Leite's Amended Complaint because it is based almost entirely on time-barred allegations and fails to plead sufficient facts to state claims for gender/pregnancy discrimination and retaliation and race discrimination. (*Id.*) Specifically, the District argues Leite fails to plead an adverse employment action and the requisite causal connection for any of her claims. (*Id.*) Leite disagrees, arguing she pleads sufficient facts to infer causation, but she fails to address the District's argument she does not plead an adverse employment action. (ECF 11, 11-1.) The Court agrees with the District and dismisses the Complaint without prejudice with leave to amend should Leite be able to plead sufficient facts to state a claim against the District.

**I.    BACKGROUND**

    The District hired Leite, an African American female, as a special education teacher in August 2000. (ECF 7 ¶¶ 19-20.) Leite performed well in her position. (*Id.* ¶ 21.) On May 7, 2020, Leite informed the Principal, who is Hispanic, she was pregnant. (*Id.* ¶ 22.) "Shortly after[]" the Principal issued her "a reprimand." (*Id.* ¶ 23.) "Following th[e] reprimand" the Principal and

Assistant Superintendent, who is Caucasian, began to "nitpick" Leite's work product which "drastically increased her workload and made it increasingly difficult to complete her job duties." (*Id.* ¶ 25.) Leite alleges this was to "set her up for failure." (*Id.*) Leite further alleges the Assistant Superintendent spoke to her "in a rude and condescending manner" but did not speak to others in a similar manner nor did she discipline them for infractions, including Leite's co-worker, Jeanette Collazo, who is Hispanic. (*Id.* ¶ 26.)

About one month later, on June 5, Leite informed the Principal she would need to take time off intermittently to attend medical appointments for her pregnancy when school resumed after summer break. (*Id.* ¶ 28.) Shortly thereafter, on June 20, the Principal placed Leite under investigation for not providing files to other schools even though this task was not Leite's responsibility. (*Id.* ¶¶ 29-30.) On August 24, Leite began a sabbatical set to last until June 15, 2021. (*Id.* ¶ 32.) On June 9, 2021, the District sent Leite a letter "notifying her that [the District] was recommending a five (5) day suspension for her due to alleged poor work performance" even though Leite was on sabbatical for the preceding ten months. (*Id.* ¶ 33.) About two months after receiving this letter, on August 23, Leite went on medical leave of absence for post-traumatic stress disorder "caused by Defendant's conduct" and remains on leave to date. (*Id.* ¶¶ 34-35.)

## II.  STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded factual allegations in the complaint and make all reasonable inferences in favor of the non-moving party. *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021). A well-pleaded complaint "require[s] only a short and plain statement of the claim showing that the pleader is entitled to relief" and need not contain "detailed factual allegations." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232-34 (3d Cir. 2008) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To survive a motion to dismiss, the plaintiff must allege enough factual matter, taken as true, to suggest the required elements of the plaintiff's claims and raise a reasonable expectation that discovery will reveal evidence of these elements. *Id.* In turn, the Court must "draw on its judicial experience and common sense" to find, at minimum, "a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

### III.  DISCUSSION

Leite brings claims for gender/pregnancy discrimination and retaliation under Title VII of the Civil Rights Act and the Pregnancy Discrimination Act and race discrimination under Title VII. The District moves to dismiss all claims in the Amended Complaint. The Court grants the District's motion without prejudice because Leite fails to plead an adverse employment action.

Leite's claims are evaluated under the *McDonnell-Douglas* burden shifting framework. *See Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 364 (3d Cir.), *order clarified*, 543 F.3d 178 (3d Cir. 2008) (pregnancy discrimination); *Dudhi v. Temple Health Oaks Lung Ctr.*, 834 F. App'x 727, 729 (3d Cir. 2020) (pregnancy discrimination); *Twillie v. Erie Sch. Dist.*, 575 F. App'x 28, 31 (3d Cir. 2014) (citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003)) (race discrimination); *Moore v. City of Phila.*, 461 F.3d 331, 342 (3d Cir. 2006), *as amended* (Sept. 13, 2006) (retaliation); *Jones v. Thomas Jefferson Univ. Hosps., Inc.*, No. 13-4316, 2019 WL 5588824, at *7 (E.D. Pa. Oct. 29, 2019) (pregnancy retaliation). Under this framework, Leite must first "set forth enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary [prima facie] elements" of her claims. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788-89 (3d Cir. 2016). The elements of a prima facie pregnancy discrimination claim are: (1) the plaintiff was pregnant and the employer knew of the pregnancy; (2) she was qualified for the

position; (3) she suffered an adverse employment action; and, (4) a nexus existed between the pregnancy and the adverse employment action. *Doe*, 527 F.3d at 365. "To establish a prima facie case of employment discrimination on the basis of race, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse employment action was made under circumstances that give rise to an inference of unlawful discrimination." *Twillie*, 575 F. App'x at 31. "To make a prima facie claim of [pregnancy] retaliation, a plaintiff must prove that she: (1) engaged in a protected activity; (2) the defendant took adverse action against her; and (3) a causal link exists between the protected activity and the adverse action." *Jones*, 2019 WL 5588824, at *7 (citing *Moore*, 461 F.3d at 340-41)).

The District argues, amongst other things, Leite fails to plead an adverse employment action. For her discrimination claims, adverse action is "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Storey v. Burns lnt'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004). Adverse action for purposes of Leite's retaliation claim is action which is "materially adverse" meaning "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination" (or otherwise engaging in protected activity) when considering the context of the act. *Daniels v. School Dist. of Phila.*, 776 F.3d 181, 195-96 (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). "'[P]etty slights, minor annoyances, and simple lack of good manners' generally will not suffice." *Id.* The Court agrees Leite fails to plead "sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" of an adverse action and dismisses her Amended Complaint with leave to amend.

To start, both parties agree the only timely event which could constitute the adverse

4

employment action is the District's June 9, 2021 letter to Leite. (ECF 8 at 13, ECF 11-1 at 4.) But the parties dispute whether this letter is an adverse employment action. Leite at one point characterizes the letter as "the five-day suspension issued by Defendant on or about June 9, 2021" and at another as "Defendant recommend[ing] a five-day suspension for alleged poor work performance" "[s]ix days before her return" from her sabbatical. (ECF 11-1 at 6.) Thus, Leite contradicts herself in describing the letter as both "a suspension" and a "recommendation" for a suspension in her briefing to the Court. This difference is significant. But irrespective of her characterization in the briefing, to decide the District's motion, the Court must look to what Leite pleads. She pleads: "On or around June 9, 2021, [she] received a letter notifying her that [the District] was **recommending** a five (5) day suspension for her due to alleged poor work performance." (ECF 7 ¶ 33) (emphasis added). Leite never pleads the District suspended her; she only pleads the District recommended a five-day suspension. The Court does not know to whom the District made the recommendation, whether Leite appealed (or could have appealed) it, whether the District (or another party responsible) ever effectuated the suspension, and whether the suspension was (or would have been) with or without pay. The Court merely knows the District "recommended" Leite be suspended for five days.

This "recommendation" for a suspension is akin to a "notice of proposed removal," which the Third Circuit held in a non-precedential opinion is insufficient to constitute adverse action under Title VII. *Lanza v. Postmaster Gen. of U.S.*, 570 F. App'x 236, 239 (3d Cir. 2014); *see also Moore v. Shinseki*, No. 10-4463, 2011 WL 5075164, at *7 (E.D. Pa. Oct. 25, 2011), *aff'd*, 487 F. App'x 697 (3d Cir. 2012) (collecting cases suggesting notice of proposed removal not adverse employment action in retaliation case). In *Lanza*, the plaintiff worked for the United States Postal Service. *Lanza*, 570 F. App'x at 238. Following an error in having mail transferred, the postmaster

issued the plaintiff a "notice of proposed removal" which stated "it constituted 'advanced written notice that it is proposed to remove [her] from the Postal Service no sooner than 30 calendar days from the date of [her] receipt of this letter,' . . . and that [the plaintiff] could appeal or request mediation." *Id.* The letter did not "suspend or demote [the plaintiff] and [the plaintiff] could remain at work in her same position." *Id.* The Third Circuit found the notice of proposed removal was "a preliminary warning of potential discipline" which did not "alter [the plaintiff's] compensation, terms, conditions, or privileges of employment." *Id.* at 239-40. Therefore, the notice of proposed removal was not "an adverse employment action."

Here, the District's letter to Leite "recommending" discipline is not an adverse employment action sufficient to state her discrimination or retaliation claims. It is a mere recommendation for suspension. As pleaded, Leite did not suffer an adverse employment action, rather she alleges the District recommended disciplinary action based on poor performance. This recommendation is not an action "serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Storey*, 390 F.3d at 764. As pleaded, nothing happened to Leite's employment based on this letter. Similarly, the Amended Complaint does not "set forth enough facts to raise a reasonable expectation that discovery will reveal evidence" a "reasonable worker" would not engage in protected activity out of fear of receiving a "recommended" suspension. The Court thus dismisses Leite's Amended Complaint with leave to amend should she be able to plead sufficient facts to state a claim against the District.

### IV.   CONCLUSION

The District moves to dismiss the Plaintiff's Amended Complaint on various grounds, including a failure to plead sufficient facts to establish a prima facie case for discrimination or retaliation. The Court need not address the myriad of arguments raised by the District because it

finds Leite fails to plead "enough facts to raise a reasonable expectation that discovery will reveal evidence" of an adverse employment action for any of her claims. The Court thus dismisses her Amended Complaint with one more opportunity to amend should she be able to plead an adverse employment action consistent with Federal Rule of Civil Procedure 11.

    An Order consistent with this Memorandum will be docketed separately.